**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard Fadahunsi OLAWALE, aka
Olawale Fadahunsi; et al.,
Defendant–Appellant.**

No. 06–50388.

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 2007 *.

Filed Aug. 8, 2007.

Becky S. Walker, Esq., Mark Aveis, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael J. Brennan, Esq., Manhattan Beach, CA, for Defendant–Appellant.

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM**

Richard Olawale appeals his sentence for numerous identity theft, bank fraud and money laundering convictions. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

Olawale argues that the district court should have grouped the identity theft/bank fraud counts with the money laundering counts under United States Sentencing Commission, *Guidelines Manual,* § 3D1.2 (Nov.2000). However, the district court properly separated the fraud/identity theft and money laundering counts into two groups when it applied the 2000 guidelines. *See United States v. Martin,* 278 F.3d 988, 1003 (9th Cir.2002) (as amended); *United States v. Syrax,* 235 F.3d 422, 425–26 (9th Cir.2000).

Olawale argues that the district court erred in finding that the amount of loss caused by the identity theft/bank fraud was $1.3 million. Even assuming (without deciding) that Olawale is right, it makes no difference. The amount of loss for identity theft/bank fraud could have been zero; it wouldn't have helped him. The adjusted offense level for money laundering still would have been 28, and because that level was higher than any adjusted offense level for identity theft/bank fraud, only the money laundering offense level ultimately mattered. USSG § 3D1.4 (2000).

Finally, Olawale argues that the district court clearly erred when it added four levels for a leadership role to both the identity theft/bank fraud and money laundering groups. However, the factual basis for the plea and the agents' testimony at sentencing established that Olawale was an organizer and leader in both the fraud and the money laundering schemes that each "involved five or more participants or was otherwise extensive." USSG § 3B1.1(a) (2000). Nor did the increase result in impermissible double counting. The fraud and money laundering counts involved different conduct and victims and Olawale

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

had a leadership role in both schemes. *See Syrax*, 235 F.3d at 429.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.